IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADC TECHNOLOGY INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| GARMIN INTERNATIONAL, INC., ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff ADC Technology Inc., for its complaint against defendant Garmin International, Inc., alleges as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2. ADC Technology Inc. ("ADC") is a corporation organized under the laws of Japan with a principal place of business in Nagoya, Japan. Among other things, ADC develops technology and sells products used in wireless communication.

3. ADC is the owner of a series of patents on inventions made by Toshiharu Enmei for ADC, in the field of mobile communication devices.

4. ADC owns all right, title, and interest in, and has standing to sue for, the infringement of the following United States Patents that are titled "Portable Communicator":

- No. 6,985,136 issued January 10, 2006 ("the '136 Patent");

- No. 7,057,605 issued June 6, 2006 ("the '605 Patent"); and

- No. 7,567,361 issued July 28, 2009 ("the '361 Patent").

5. Garmin International, Inc. ("Garmin") is a Kansas corporation with its principal place of business at 1200 East 151st Street, Olathe, Kansas 66062. Garmin designs, makes, imports into the United States, and sells electronic devices including mobile communication devices.

**JURISDICTION AND VENUE**

6. This Court has exclusive jurisdiction over the subject matter of this case for patent infringement under 28 U.S.C. § 1338(a).

7. This Court has personal jurisdiction over Garmin because it is a citizen of Illinois, and is registered to do business in Illinois, and therefore is subject to general jurisdiction in Illinois. Garmin conducts business in Illinois, including the marketing and sale of mobile communication devices to customers in Illinois, and the operation of its own retail store at 663 N. Michigan Avenue in Chicago.

8. Garmin has placed its infringing mobile-phone products in the stream of commerce with knowledge and intent that the products would be distributed and sold to customers in Illinois and this judicial district. For example, infringing Garmin phones have been sold at numerous retail stores located in this judicial district.

9. Venue is proper in this judicial district under 28 U.S.C. §§ 1400(b) and 1391. Garmin resides in this district because it is subject to personal

jurisdiction here. Garmin also has committed acts of patent infringement in this district, and a substantial part of the infringing acts have occurred here.

## **PATENT INFRINGEMENT**

10. In 2009, Garmin formed a strategic alliance named Garmin-ASUS, to design, manufacture and distribute mobile phones. Garmin-ASUS mobile communication devices are now being sold in the United States under the names nüvifone and Garminfone.

11. Garmin, acting under the Garmin-ASUS name, has sold in the United States at least two mobile communication devices, the nüvifone G60 smartphone launched in 2009 through AT&T Wireless, and the Garminfone A50 smartphone launched in 2010 through T-Mobile.

12. Garmin has infringed at least one claim of each of the '136, '605, and '361 patents, at least by importing, selling, and offering to sell mobile communication devices in the United States, including but not limited to phones designated by the names nüvifone G60 and Garminfone A50.

13. Garmin's infringement has injured ADC, and ADC is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

14. ADC's injury will continue unless and until this Court enters an injunction against further infringement by Garmin.

15. ADC has complied with any applicable provisions of 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff ADC Technology Inc. respectfully requests that this Court enter judgment against defendant Garmin International, Inc., and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of ADC Technology Inc. on the claim of infringement for each of the '136, '605, and '361 patents;

B. An award of damages adequate to compensate ADC Technology Inc. for the infringement that has occurred (together with prejudgment interest from the date the infringement began), but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

C. A permanent injunction against further infringement of the '136, '605, and '361 patents;

D. A finding that this case is exceptional and an award to ADC Technology Inc. of all relief provided by 35 U.S.C. § 285; and

E. Such other and further relief that ADC Technology Inc. is entitled to under law, and any additional relief that this Court or a jury may deem just and proper.

## **JURY DEMAND**

ADC Technology Inc. demands a trial by jury on all issues presented in this complaint.

ADC Technology Inc.


*/s/ Patrick F. Solon*
Raymond P. Niro
Dean D. Niro
Patrick F. Solon
Joseph A. Culig
Niro, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602-4515
(312) 236-0733
Fax: (312) 236-3137